Filed 11/3/25  Bixby v. City of Huntington Beach CA4/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MARK BIXBY,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>CITY OF HUNTINGTON BEACH et al.,<br><br>    Defendants and Respondents. | G065461, G065499<br><br>(Super. Ct. No. 30-2023-01366664)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Nick A. Dourbetas, Judge. Reversed and remanded with directions.

Brower Law Group, Lee K. Fink; AEMS Trial Firm and Adam Sechooler for Plaintiff and Appellant.

ACLU Foundation of Southern California, Peter Eliasberg and Julia Gomez for ACLU of Southern California, ACLU of Northern California,

and ACLU of San Diego and Imperial Counties as Amici Curiae on behalf of Plaintiff and Appellant.

Cooley, Kathleen R. Hartnett, Matt K. Nguyen, Kristen Adrina Johnson and Ana Alicia Bordallo for Asian Americans Advancing Justice Southern California, Asian Law Caucus, California Black Power Network, and Disability Rights California as Amici Curiae on behalf of Plaintiff and Appellant.

Michael J. Vigliotta, City Attorney; JW Howard/Attorneys, John W. Howard, Scott Street, Michelle Volk, Peter C. Shelling, and Mitchell Stein for Defendants and Respondents.

*       *       *

THE COURT:[*]

This is a companion case to *People v. City of Huntington Beach* (Nov. 3, 2025, G065589) ____ Cal.App.5th ____ (the State Case). Plaintiff challenges the voter identification requirement of the City of Huntington Beach (the City), added as section 705, subdivision (a)(2) to the City Charter. (Voter Information Guide, Primary Elec. (Mar. 5, 2024) text of Measure A.) (Measure A.) In addition to the preemption issue raised by the State of California upon which our opinion in the State Case is based, plaintiff raises various other grounds for challenging the City's voter identification requirement. Having concluded in the State Case that the City's charter section 705, subdivision (a)(2) is preempted by Elections Code section 10005, we decline to reach the other issues raised by plaintiff. As we did in the State

---

[*] Before Motoike, Acting P. J., Sanchez, J., and Delaney, J.

Case, we reverse the decision of the trial court and remand with directions to issue a writ of mandate invalidating section 705, subdivision (a)(2) of the City Charter and issue a declaratory judgment that section 705, subdivision (a)(2) of the City Charter is preempted by and violates California law.

## STATEMENT OF FACTS

The facts underlying the enactment of the challenged section 705, subdivision (a)(2) of the City Charter, as part of Measure A, are set forth in the State Case and are not repeated here.

Plaintiff is a registered voter and resident of the City.

## PROCEDURAL HISTORY

In 2023, after the City Council approved placing Measure A on the ballot, plaintiff filed a petition for a writ of mandate in the Orange County Superior Court, seeking to prevent Measure A from appearing on the ballot. The trial court denied this petition, concluding plaintiff's challenges to the substance of the proposed measure should wait until after the election.

After Measure A passed, plaintiff amended his petition, challenging the voter identification requirement directly. The City demurred to the petition, arguing the issue was not yet ripe. The trial court sustained the demurrer. Plaintiff filed a third amended petition setting forth additional challenges to the voter identification requirement. The City again demurred. The trial court overruled this demurrer (having previously reconsidered its earlier conclusion on ripeness in response to this court's suggestive *Palma* notice in the State Case).

The trial court held a hearing on plaintiff's petition in conjunction with its hearing on the petition in the State Case. It denied the petition in an order that was substantively identical to the order in the State Case.

3

## DISCUSSION

In his petition before the trial court and before this court, plaintiff raises a variety of challenges to the City's voter identification requirement. Plaintiff argues, as the state did in the State Case, that the voter identification requirement is preempted by state law. Plaintiff also argues that the measure violates the California Constitution, both in substance and as a violation of the nondelegation doctrine. Plaintiff also argues the measure was not properly adopted by the City Council.

The trial court's order does not address any of plaintiff's arguments other than the preemption argument. Fortunately, given our conclusion in the State Case, we conclude those issues are moot. The City's voter identification requirement is preempted by Elections Code section 10005.

## DISPOSITION

The judgment is reversed. The matter is remanded to the trial court with directions to (1) issue a writ of mandate invalidating section 705, subdivision (a)(2) of the Huntington Beach City Charter and directing respondents to cease its implementation or enforcement; (2) issue a declaratory judgment that section 705, subdivision (a)(2) of the Huntington Beach City Charter is preempted by and violates California law; and (3) address any of plaintiff's claims that may remain in a manner consistent with this opinion.

Plaintiff shall recover his costs on appeal.

4